FILED
2009 Jun-11 PM 02:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LUCY DIANE NASH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV 09-B-0537-S |
| ) | |
| FAIRFIELD CITY COUNCIL; CITY ) | |
| OF FAIRFIELD, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This case is presently pending before the court on defendants' Motions to Dismiss. (Docs. 8, 9.)[1] Plaintiff Lucy Diane Nash has sued defendants, Fairfield City Council and the City of Fairfield, alleging that they violated her right to due process and equal protection under the Fourteenth Amendment by "reduc[ing] or otherwise interfer[ring] with [her] salary . . . as Executive Assistant to the Mayor of the City of Fairfield." (Doc. 1 at 1.) Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendants' Motions to Dismiss, (docs. 8, 9), are due to be granted.

**I. MOTION TO DISMISS STANDARD**

When deciding a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the court "must accept the allegations set forth in the complaint as true." *Gonzalez v. McNary*, 980 F.2d

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

1418, 1419 (11th Cir. 1993)(citations omitted); *see also Rivell v. Private Healthcare Systems, Inc.*, 520 F.3d 1308, 1309 (11th 2008).

> [T]he complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, [545], 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007); *see also Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). "The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Watts*, 495 F.3d at 1295 (quoting *Twombly*, [550 U.S. at 556]). This rule does not "impose a probability requirement at the pleading stage." *Twombly*, [550 U.S. at 556]. Instead, the standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the required element. *Id*. "It is sufficient if the complaint succeeds in 'identifying facts that are suggestive enough to render [the element] plausible.'" *Watts*, 495 F.3d at 1296 (quoting *Twombly*, [550 U.S. at 556]).

*Rivell*, 520 F.3d at 1309-10.

"[T]he threshold that a complaint must meet to survive a motion to dismiss is 'exceedingly low.'" *Holley v. City of Roanoke*, 162 F. Supp. 2d 1335, 38 (M.D. Ala. 2001)(quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)). "[A] defendant thus bears the 'very high burden' of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." *Beck v. Deloitte & Touche*, 144 F.3d 732, 735-736 (11th Cir. 1998)(citing *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986)), *cited in McClendon v. May*, 37 F. Supp. 2d 1371, 1375 (S.D. Ga. 1999).

## II. STATEMENT OF FACTS

According to the Complaint, the Mayor of Fairfield hired plaintiff as his Executive Assistant on October 28, 2008. (Doc. 1 ¶ 2.) Her salary was set at $46,862.40. (*Id*. ¶ 4.) On or about February 10, 2009, the City Council voted to reduce her salary to $34,278.40. (*Id*.)

## III. DISCUSSION

Plaintiff asks the court to declare that the City Council's action is void and "unenforceable to the extent that it conflicts with [1] the Rules of the Jefferson County Personnel Board, [2] [t]he Code of Alabama, section 11-43-81 and [3] the Fourteenth Amendment of the U.S. Constitution." (Doc. 1 ¶ 6.)

### A. PERSONNEL BOARD RULES

Defendants ask this court to dismiss plaintiff's Complaint on the ground that she has not exhausted her administrative remedies. (Doc. 8 ¶ 1; doc. 9 ¶ 1 (B).) In response, plaintiff contends that her position is "unclassified" and "not governed by the personnel board of Jefferson County." (Doc. 11 at 4 ["The appointment of an administrative assistant to the mayor is an unclassified position and not governed by the personnel board of Jefferson County[;] therefore Plaintiff cannot seek remedial relief from said board and has no administrative process to exhaust which renders the Defendants argument on this issue meritless."].)

Because plaintiff concedes that her salary dispute is not governed by the Jefferson County Personnel Board, the court will grant defendants' Motions to Dismiss and dismiss plaintiff's claim based on a violation of the rules of the Personnel Board.

**B. ALA. CODE § 11-43-81**

Plaintiff contends that the decision of the City Council conflicts with Ala. Code § 11-43-81. In her Response to defendants' Motions, she argues:

> Defendants have no legal right to interfere with the appointing authority of the Mayor for his administrative assistant or the setting of her salary. The ***Code of Ala. 11-44D-4*** (Mayor-council form of government) clearly states ". . . (10) All executive powers of the city shall be vested in the mayor and the mayor shall be the head of the executive and administrative branches of government . . . ". The Mayor shall, "[10(b). Appoint and remove, when necessary for the good of the service, all officers and employees of the city subject to the provisions of Section 11-43-81, as amended, and subject to the provisions of any civil service or merit system law applicable to such municipality…]".

(Doc. 11 at 4 [emphasis in original].)

Section 11-43-81 of the Alabama Code provides, "The mayor . . . shall have general ***supervision*** and ***control*** of all other officers and the affairs of the city or town . . . .   He shall have the power to ***appoint*** all officers whose appointment is not otherwise provided for by law. He may ***remove*** any officer for good cause . . . ." Ala. Code § 11-43-81 (emphasis added). The powers given to the mayor under Alabama do not include the power to set salaries of such officers. Indeed, Alabama law vests the power to set salaries with the city council, unless otherwise established by law. Ala. Code § 11-43-7 ("All employees of any

city or town whose compensation is not fixed by law shall receive such salary or fees for their services as the *council* may by ordinance from time to time prescribe.")(emphasis added).

Plaintiff argues that *City of Brighton v. Gibson*, 501 So.2d 1239 (Ala. Civ. App. 1987), supports her claims for relief under both state and federal law. However, unlike plaintiff, Gibson was hired by the Mayor of the City of Brighton at minimum wage. *Id*. at 1240. Noting that "[s]ection 11-43-7 gives the City Council the authority to prescribe by ordinance the salaries of City employees whose compensation is not fixed by law," the court found, "under the circumstances of [the] case, the mayor had the authority to hire the employee as her personal secretary at the federal minimum wage." *Id*. at 1241. The court also held that Gibson had a protected property interest in being paid at least minimum wage for the time she actually worked. *Id*. at 1242. The court did not find, as plaintiff argues, that an employee appointed by an Alabama mayor has a constitutionally protected right to any salary set by the mayor. Indeed, the court noted, "We do not wish to be understood as holding that the mayor may . . . hire an employee at an exorbitant salary." *Id*. at 1241. While Nash's salary set by the Mayor of Fairfield was not exorbitant, it was more than minimum wage.[2] Therefore, the *Gibson* case does not support her claim that Alabama law gives the Mayor the authority to set her salary amount higher than the federal minimum wage.

---

[2] The current federal minimum wage is $6.55 an hour, and it will rise to $7.25 beginning July 24, 2009.  29 U.S.C. § 206(a)(1)(B)-(C).  Plaintiff's current salary of $34,278.40 equates to $16.48 an hour for 40 hours a week for 52 weeks. Her prior of $46,862.40 equates to $22.53 an hour for 40 hours a week for 52 weeks.

Because plaintiff has not shown that the reduction of her salary by the City Council was contrary to Alabama law, the court will grant defendants' Motions to Dismiss and dismiss plaintiff's claim based on a violation of Alabama law.

**C. DUE PROCESS AND EQUAL PROTECTION – FOURTEENTH AMENDMENT**

Plaintiff alleges that the reduction of her salary by the City Council "violates her rights to due [p]rocess and [e]qual treatment under the Fourteenth Amendment of the U.S. Constitution." (Doc. 1 ¶ 5.)

**1. Due Process**

As to her Fourteenth Amendment procedural due process claim, plaintiff must allege sufficient facts to show three elements: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003)(citing *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994)). Plaintiff contends her due process rights were violated when the City Council reduced "her contractually established salary by appointment of the mayor." (Doc. 1 ¶ 5.)

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Therefore, in order to establish a violation of the Due Process Clause of the Fourteenth Amendment, plaintiff must allege sufficient facts to show that she had a

constitutionally-protected property interest in the *amount* of her salary, that defendants acted to deprive her of the amount of her salary, and that the process for challenging the reduction of her salary was constitutionally inadequate.

The Supreme Court has held:

> The procedural component of the Due Process Clause does not protect everything that might be described as a "benefit": "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire" and "more than a unilateral expectation of it. He must, instead, have a ***legitimate claim of entitlement to it***." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972). Such entitlements are, "'of course, . . . not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.'" *Paul v. Davis*, 424 U.S. 693, 709, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976)(quoting *Roth*, *supra*, at 577, 92 S. Ct. 2701); *see also Phillips v. Washington Legal Foundation*, 524 U.S. 156, 164, 118 S. Ct. 1925, 141 L. Ed. 2d 174 (1998).
>
> . . .
>
> Our cases recognize that ***a benefit is not a protected entitlement if government officials may grant or deny it in their discretion***. *See*, *e.g.*, *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 462-463, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1989).

*Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005)(emphasis added). Plaintiff does not specifically allege in her Complaint that she has a protected property interest in the *amount* of her salary as set by the Mayor. She does allege that "reduction in her contractually established salary" violated her rights to due process and equal treatment. (Doc. 1 ¶ 5.) However, as set forth above, Alabama law indicates that she has no entitlement

7

to the *amount* of her salary set by the Mayor above the federal minimum wage, and the City Council, not the Mayor, establishes her salary.

Because plaintiff has not alleged any facts that suggest she was legally entitled to the amount of her salary as set by the Mayor, the court will grant defendants' Motions to Dismiss and dismiss plaintiff's claim based on a violation of the Due Process Clause of the Fourteenth Amendment.

### 2. Equal Protection

Plaintiff alleges that the reduction of her salary violates her right to "equal treatment." (Doc. 1 ¶ 5.) However, she does not allege that she has been treated differently than others. In order to state a claim for a violation of the Equal Protection Clause, the Complaint must allege that others were similarly situated to plaintiff and treated more favorably. *See GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1367-68 (11th Cir.1998). Therefore, plaintiff's claim based on a lack of "equal treatment" is due to be dismissed. However, defendants did not move to dismiss this claim.

Therefore, contemporaneous with this Memorandum Opinion, the court will issue, *sua sponte*, a Show Cause Order, asking plaintiff to appear and show cause why her equal treatment claim should not be dismissed.

### CONCLUSION

For the foregoing reasons, the court is of the opinion that plaintiff's Complaint fails to state a claim for which relief may be granted as to the alleged violation of the rules of the

Jefferson County Personnel Board, of Alabama law, or of the Due Process Clause of the Fourteenth Amendment. Therefore, an Order granting defendants' Motions to Dismiss and dismissing these claims will be entered contemporaneously with this Memorandum Opinion. Also, contemporaneous with this Memorandum Opinion, the court will order plaintiff to appear and show cause why her claims based on the Equal Protection Clause of the Fourteenth Amendment should not be dismissed.

**DONE** this the 11th day of June, 2009.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE