FILED
 2010 Jan-04  PM 03:24
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LUCY DIANE NASH,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 2:09-cv-0537-SLB |
| | ) |
| **FAIRFIELD CITY COUNCIL; CITY OF FAIRFIELD,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on plaintiff's Motion for Rehearing or, in the Alternative, Motion to Rescind or Amend Order of Dismissal with Prejudice, (doc. 19),[1] and her Second Motion for Rehearing or, in the alternative, Motion to Rescind or Amend Order of Dismissal with Prejudice and Response to Order to Show Cause, (doc. 20). For the reasons set forth below, the court finds that plaintiff's claim based on the Equal Protection Clause of the Fourteenth Amendment is due to be dismissed and that her Motions for Rehearing and/or to Rescind or Amend are due to be denied.

The court ordered plaintiff to show cause why her Equal Protection claim should not be dismissed. (Doc. 18 at 1.) Specifically, the court stated:

> Plaintiff alleges that the reduction of her salary violates her right to "equal treatment." (Doc. 1 ¶ 5.) However, she does not allege that she has

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

been treated differently than others.[2]  In order to state a claim for a violation of the Equal Protection Clause, the Complaint must allege that others were similarly situated to plaintiff and treated more favorably.  *See GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1367-68 (11th Cir. 1998).  Therefore, plaintiff's claim based on a lack of "equal treatment" is due to be dismissed.  However, defendants did not move to dismiss this claim.

Therefore, contemporaneous with this Memorandum Opinion, the court will issue, *sua sponte*, a Show Cause Order, asking plaintiff to appear and show cause why her equal treatment claim should not be dismissed.

(Doc. 17 at 8.)  In response, plaintiff argues:

. . . Plaintiff has been denied equal protection in that she is the only city employee whose salary has been reduced by the city and council and none of her comparators, the remaining employees of the city[,] have been treated the same by having their salaries reduced as she has, with no vested state interest or rationale for her arbitrary and unequal treatment.

---

[2]Plaintiff contends that her salary was reduced because of a dispute between the Mayor and the City Council:

Plaintiff Lucy Nash was hired on October 28, 2008 as Administrative Assistant to Mayor Kenneth Coachman.  Her salary was set at the annual rate of Forty Six Thousand Eight Hundred Sixty Two and 40/100 dollars ($46,862.40).  At the first meeting of this elected council the Mayor formally introduced the Plaintiff as having been hired as his Administrative Assistant to the full council with no objection or opposition expressed by the council. In a purely unrelated set of events the City Council Administrator[,] Ms. Becountiss Tartt[,] was transferred back to her original position of Administrative Analyst by Mayor Coachman on January 12, 2009.  She had been transferred on loan to the city council administrator position by the previous Mayor Michael Johnson during his administration. At the following January 15th 2009 council meeting council members voiced their intent to challenge the Mayor[']s [a]ppointment of the Plaintiff based solely as retaliation for or as a bargaining tool to reverse the transfer of Ms. Tarrt.

(Doc. 11 at 1-2.)

2

(Doc. 20 at 2.) Plaintiff does not argue that the defendants reduced her salary based upon a protected classification – such as race or gender. Rather, she argues that the reduction in her salary was the result of a dispute between the Mayor and the City Council. (Doc. 11 at 1-2.)

"[A]n equal protection claim can in some circumstances be sustained even if the plaintiff has not alleged class-based discrimination, but instead claims that she has been irrationally singled out as a so-called 'class of one.'" *Engquist v. Oregon Dept. of Agr.*, 128 S. Ct. 2146, 2153 (2008); *Leib v. Hillsborough County Public Transp. Commission*, 558 F.3d 1301, 1306-07 (11th Cir. 2009)("A 'class of one' equal protection claim does not allege discrimination against a protected class, but rather asserts that the plaintiff has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. To prove a 'class of one' claim, the plaintiff must show (1) that he was treated differently from other similarly situated individuals, and (2) that the defendant unequally applied a facially neutral ordinance for the purpose of discriminating against him.")(internal quotations and citations omitted). "But [the Supreme Court has] never found the Equal Protection Clause implicated in the specific circumstance where, as here, government employers are alleged to have made an individualized, subjective personnel decision in a seemingly arbitrary or irrational manner." *Id*. at 2155. Indeed, it has specifically held that "the class-of-one theory of equal protection does not apply in the public employment context." *Id*. at 2151.

Plaintiff does not argue that defendants' decision to reduce her salary was a class-based decision. Rather, she argues that defendants' decision was without "any legitimate purpose," and that "other individuals continue to receive substantially higher salaries than Ms. Nash but no actions have been instituted to trim any other salary but hers." (Doc. 20 at 8.) Such facts do not, as a matter of law, state a claim for relief under the Equal Protection clause.

Therefore, plaintiff's Equal Protection claim will be dismissed with prejudice.

Plaintiff asks the court to amend its previous Order and to dismiss her claims without prejudice "so as not to foreclose [her] ability to correct any pleading deficiencies before this or any other court of pertinent jurisdiction." (Doc. 19 at 2.) However, the court did not dismiss plaintiff's claims based upon pleading deficiencies that could be corrected with an amended complaint; it dismissed her claims on the ground that the alleged facts did not support her claims.

> Ordinarily, if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, leave to amend should be freely given. . . . [H]owever, a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile. This court has found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.

*Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1262-63 (11th Cir. 2004)(quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999); Fed. R. Civ. P. 15(a))(internal quotations and citations omitted). "Where it appears a more carefully drafted complaint might state a claim upon which relief can be

4

granted, a district court should give a plaintiff an opportunity to amend his complaint instead of dismissing it. However, if a more carefully drafted complaint could not state a claim, dismissal with prejudice is proper." *Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1213 (11th Cir. 2001)(quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir.2002))(internal quotations and citations omitted).

In this case, the court finds that a more carefully drafted Complaint could not state a cause of action for relief. As a matter of law, the City Council, not the Mayor, has the authority to set salaries. Therefore, as a matter of law, plaintiff cannot state a claim based on the reduction of the amount of her salary – based on either federal or state law. Because the facts do not support a claim for relief, dismissal with prejudice is appropriate. Plaintiffs' Motions for Rehearing or, in the alternative, Motion to Rescind or Amend Order of Dismissal with Prejudice, will be denied.

## **CONCLUSION**

For the foregoing reasons, the court is of the opinion that plaintiff's claim based on the Equal Protection Clause is due to be dismissed with prejudice and that plaintiff's Motions for Rehearing or, in the Alternative, Motions to Rescind or Amend Order of Dismissal with Prejudice, (doc. 19 and 20), are due to be denied. An Order denying plaintiffs' Motions and dismissing her claim based on the Equal Protection Clause will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 4th day of January, 2010.

                                                   *Sharon Lovelace Blackburn*
                                                  SHARON LOVELACE BLACKBURN
                                                  CHIEF UNITED STATES DISTRICT JUDGE